Ruffin, C. J.
 

 There seems to have been a singular confusion of matters, entirely distinct in their nature, in the mode of stating the propositions on the part of the plaintiff, at the trial. Although the lessor of the plaintiff was not a creditor, and did not claim under a creditor, of Rives, but was a purchaser from that person after he had made the deed of trust, yet it was insisted for the plaintiff, that the deed of trust was fraudulent and void against the creditors of the maker, and therefor, was void also as to the lessor of the plaintiff, Now, in the first instance, it does not appear, that the deed of trust could have been void as against creditors: since there were no creditors, as far as we sec, but those secured in the deed, and, as to them, no fraud can be inferred, as the fund was
 
 *92
 
 ample to pay them all and produced enough for that purpose, even according to the sums set forth in the deed. In the next place, it does not follow that the deed of trust would be void as against Harris, although it might have been fraudulent as to certain creditors of Rives : for, although the same facts, which make a deed fraudulent under the 13thBliz. as to creditors, may, generally speaking, render it fraudulent also under the 27th Eliz. as a« gainst a purchaser,yet it is clear, that a deed is not fraudulent as against a purchaser, merely because it was so as against creditors. Since our act of 1840, c. 28, that is so beyond all doubt; for by that act, no person can be held to be a purchaser except he purchase for full value, and without notice of the prior conveyance, which he impeaches as fraudulent. The distinction
 
 is
 
 very material ; and its existence probably accounts for the effort on the part of the plaintiff to put his lessor’s claim upon the merits of supposed creditors of his vendor and not upon his own merits as a purchaser: since, however this might have been deemed a purchase at a fair price, according to the old law,
 
 Fullenwider
 
 v.
 
 Roberts,
 
 4 Dev. and Bat. 488, it is certain that under our late act, one cannot be held to be “a purchaser for the full value, who gave not more than one half or two-thirds of the value. His Honor was, therefore, not only right in not giving the directions prayed on the part of the plaintiff, but might properly have told the jury, that the deed of trust was not void as against the lessor of the plaintiff, upon the ground that it was made with an intent to defeat creditors of the maker or purchasers from him, inasmuch as the plaintiff did not bring his lessor within either of those classes of persons; and therefore the deed of trust was good as against him as much as against Rives himself. That consideration alone would have put an end to the title under which the plaintiff claims, and required the verdict to be rendered for the defendant.
 

 
 *93
 
 But the Court holds, that the defendant was entitled to a verdict upon the other ground, that the legal title vested in the trustee, in virtue of the separate trusts in favor of the several real creditors secured in the deed, according to the principle laid down in the recent case of
 
 Brannock
 
 v.
 
 Brannock,
 
 10 Ired. 428; there being no imputation of collusion between them or the trustee and the other parties, Rives and Perry. That case shows that, whatever relief Harris might have in another forum, out of the fund applicable to the debt of Perry under the deed, by reason of the fraud and illegality of the trust for that debt, yet the title of the trustee was not thereby avoided ■at law. Consequently, the conveyance of the trustee to the defendant must likewise be effectual at law. Of course, the defendant’s purchase could not be affected by notice of the claim of Harris, if there had been the most direct and sufficient evidence of notice : inasmuch as the title of Harris was intrinsically defective, being posterior to the deed of trust and not for full value, and consequently, notice of it could not impart to it new validity.
 

 Per Curiam. Judgment affirmed.